_____
)
PENCHENG SI,                                )
)
            Plaintiff,              )
)
            v.                     )      Civil Action No. 09-2388 (KBJ)
)
LAOGAI RESEARCH                       )
FOUNDATION, *et al.*,                      )
)
            Defendants.           )
)
_____)

## MEMORANDUM OPINION

Presently before the Court is Defendants' motion to dismiss the complaint that

Relator Pengcheng Si (hereinafter "Si" or "Relator") has filed pursuant to the False

Claims Act ("FCA"), 31 U.S.C. § 3729 (2012).  (Defs.' Mot. to Dismiss ("Defs.' Mot"),

ECF No. 29; Compl., ECF No. 2.)  Defendants are Si's alleged former employers—the

China Information Center and Laogai Research Foundation, two non-profits that receive

government grant funding—as well as their director, Harry Wu, and his wife, Chinglee

Chen.  (Compl. ¶¶ 9-14.)  Defendants move to dismiss the complaint for lack of subject

matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state

a claim for which relief can be granted with sufficient specificity under Rules 12(b)(6)

and 9(b).  (Mem. in Supp. of Defs.' Mot. to Dismiss ("Defs.' Mem."), ECF No. 30, at 1.)

The Court held a hearing on Defendants' motion to dismiss on August 20, 2013.

The gravamen of Si's complaint is that Defendants engaged in a scheme to defraud

the government from 2001 through 2008 by, among other things, fraudulently inducing

grant contracts by providing false information about employees' backgrounds, reporting

salaries for individuals who never performed work, using grant funding for personal expenses, and engaging in lobbying activity in violation of the grant contract. (*See, e.g.*, Compl. ¶¶ 31, 41, 44, 47.) Si sets forth sixty-three paragraphs of factual allegations that he maintains support the following five FCA counts: presentment of false or fraudulent claims for payment or approval under 31 U.S.C. § 3729(a)(1)(A) (Count I); knowing use of false records and statements to get false claims paid or approved under 31 U.S.C. § 3729(a)(1)(B) (Count II); knowing use of a false record or statement material to an obligation to pay and/or knowing concealment or improper avoidance of an obligation to pay or transmit money to the government under 31 U.S.C. § 3729(a)(1)(G) (Count III); conspiracy to defraud the government under 31 U.S.C. § 3729(a)(1)(C) (Count IV); and retaliatory termination under 31 U.S.C. § 3730(h) (Count V). (Compl. ¶¶ 64-82.)

Each count realleges and incorporates by reference all sixty-three paragraphs of factual background; there is no indication of the specific facts pertaining to each claim. (*Id.* ¶¶ 64-82.) This is not enough to meet the plausibility standard for notice pleading under Rule 8, let alone the standard for particularity under Rule 9(b). *See Rice v. District of Columbia*, 774 F. Supp. 2d 25, 33 (D.D.C. 2011) ("An individual count must contain a plausible recitation of enough facts to support it." (internal quotation marks and citation omitted)); *U.S. v. Kellogg Brown & Root Servs., Inc.*, 800 F. Supp. 2d 143, 153 (D.D.C. 2011) (a false claim allegation is an averment of fraud, so the heightened pleading requirement of Rule 9(b) applies). The instant complaint is insufficient because it is not clear which allegations pertain to which count, rendering the Court unable to determine whether Si states a claim for relief under each count with sufficient specificity. *See Rice*, 774 F. Supp. 2d at 33.

Nevertheless, the D.C. Circuit has cautioned that "[f]ailure to plead fraud with particularity . . . does not support a dismissal with prejudice[;] [t]o the contrary, leave to amend is 'almost always' allowed to cure deficiencies in pleading fraud." *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (citation omitted). Given that admonition and especially in light of the many facts alleged in the complaint, this Court finds that, while Si's claims may well be "*subject* to dismissal," the defective claims will not be dismissed at this time; rather, the Court "will provide [Relator] an opportunity to file an amended complaint." *Burman v. Phoenix Worldwide Indus., Inc.*, 384 F. Supp. 2d 316, 334 (D.D.C. 2005) (emphasis added) (declining to dismiss fraud complaint for lack of particularity without first giving plaintiff a chance to amend the complaint, even though plaintiff did not move for leave to amend); *see also Norment Sec. Grp., Inc. v. Travelers Cas. & Ins. Co.*, 505 F. Supp. 2d 97, 102 (D.D.C. 2007) (same); *B.R. ex rel. Rempson v. District Of Columbia*, 524 F. Supp. 2d 35, 42 (D.D.C. 2007) ("[W]hen a claim is so ambiguous as to leave its viability in doubt, the appropriate action is to grant leave to amend.").

For the reasons stated herein, Defendants' motion to dismiss for lack of specificity is DENIED without prejudice and Relator is GRANTED LEAVE to amend the complaint. Relator is directed, at a minimum, to revise the recitation of counts in the complaint to make clear which legal theory applies to each count and which facts serve as the basis of each claim. Relator is further admonished to adhere to the requirements of Rule 9(b) regarding "stat[ing] with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b); *see also U.S. ex rel. Williams v. Martin-Baker Aircraft Co., Ltd.*, 389 F.3d 1251, 1262 (D.C. Cir. 2004) (affirming dismissal of false claims allegations for failure to meet the particularity requirements of Rule 9(b)).

The Court also notes that its denial of the motion to dismiss moots the remaining arguments in Defendants' motion, which have not yet been considered and thus are being dismissed without prejudice. *See Johnson v. Panetta*, No. 12-cv-868(BJR), 2013 WL 3742495, at *5 (D.D.C. July 17, 2013) (denying defendant's motion to dismiss as moot after granting plaintiff leave to amend). Defendants are permitted to re-raise the same arguments for dismissal, to the extent applicable, in their future response to the Relator's amended complaint. A separate order will follow.


Date: August 21, 2013                    *Ketanji Brown Jackson*
                                         KETANJI BROWN JACKSON
                                         United States District Judge